United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41508
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JESUS VICENTE ROBLES-CORDERO, also known as Alonso
Felix Campos,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-398-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Jesus Vicente Robles-Cordero appeals his guilty plea

conviction and sentence for being unlawfully present in the

United States after deportation following an aggravated felony

conviction.  He argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and

contends that his challenge is not barred by the appeal-waiver

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision in his plea agreement. The Government seeks enforcement of the waiver provision.

We assume, arguendo only, that the waiver does not bar the instant appeal. Robles-Cordero's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Robles-Cordero contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez- Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Robles-Cordero properly concedes that his argument is foreclosed in light of Almendarez- Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.